United States District Court
Southern District of Texas
**ENTERED**
January 31, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LUANGPHOR VIRIYANG SIRINTHARO §
FOUNDATION, §
§
      Plaintiff, §
§
v. § CIVIL ACTION NO. H-23-2812
§
WILLPOWER INSTITUTE U.S.A., §
INC., §
§
      Defendant. §

## MEMORANDUM OPINION AND ORDER OF TRANSFER
## TO THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

Plaintiff, Luangphor Viriyang Sirintharo Foundation ("LVSF" or "Plaintiff"), brings this action against defendant, Willpower Institute U.S.A., Inc. ("Willpower USA" or "Defendant"). Pending before the court is Defendant's Amended Motion to Dismiss for Lack of Personal Jurisdiction ("Defendant's Amended Motion to Dismiss") (Docket Entry No. 20). Also pending is Plaintiff Luangphor Viriyang Sirintharo Foundation's Response to Defendant Willpower Institute USA, Inc.'s Amended Motion to Dismiss ("Plaintiff's Response")(Docket Entry No. 21), in which Plaintiff seeks jurisdictional discovery or transfer to the Central District of California, Western Division in the event that the court finds personal jurisdiction lacking. For the reasons stated below the court concludes that Plaintiff has failed to establish that Defendant is subject to personal jurisdiction in Texas. Since, however, the parties agree that Defendant is subject to personal jurisdiction in California, the pending motion to dismiss will be denied, and this action will be transferred to the Central District of California, Western Division.

## I. <u>Background</u>

**A.    Factual Background[1]**

This action arises from cease and desist letters sent on July 7, 2023, by attorneys for Willpower U.S.A. to "several branches of the [LVSF] in Texas as well as volunteers who work for the [LVSF] in Texas."[2]  The letters assert that Willpower USA

> has the exclusive right to use the Willpower trademark in the United States (the "Mark") in connection with meditation and wellness-related educational training and information.  It has come to our . . . attention that you are using the Mark without authorization and in violation of [Willpower USA]'s exclusive rights in order to unlawfully and directly compete with [Willpower USA] in multiple locations in the United States . . . Among the items you are unlawfully using the Mark on is the <u>Uddhamasa Samadhi,</u> which work is subject to copyright protection in the United States.  <u>See</u> U.S. Copyright Reg. No. TX 8-737-348.[3]

Plaintiff alleges that Luangphor Viriyang Sirintharo ("LVS") (deceased) was a Thai monk, a meditation master, and a founder of many Buddhist temples in Thailand, including the Dhammamongkol Temple, where he served from 1963 until he passed away in 2020.  In the 1990s LVS founded the Willpower Institute, where he taught

---

[1]The Factual Background is derived from allegations made in Plaintiff's First Amended Complaint ("FAC"), Docket Entry No. 13, pp. 1-6 ¶¶ 1-5, 11-20, which are accepted as true for purposes of analyzing Defendants' Motion to Dismiss.  Page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[2]<u>Id.</u> at 3 ¶ 9.  <u>See also</u> Demand to Cease and Desist, Exhibit C to FAC, Docket Entry No. 13-3, pp. 2-3 (listing recipients).

[3]Demand to Cease and Desist, Exhibit C to FAC, Docket Entry No. 13-3, p. 3.

meditation and trained meditation teachers free of charge. LVS authored textbooks, including the <u>Uddhamasa Samadhi</u> and taught the Meditation Instructor Course and Meditation for Self-Conquering (collectively, the "Works") to supplement his teachings. In or around 1997, LVS authorized the Willpower Institute to make an audio recording of his teachings so they could be used by meditation instructors who graduated from his program.

Plaintiff alleges that in 2014 LVS registered the Willpower Institute as the Willpower Institute Foundation Luang Phor Viriyang Sirintharo ("WIF Thailand"), a nonprofit organization in Thailand. LVS served as WIF Thailand's chairman until his death. In the same year WIF Thailand authorized and directed the creation of LVSF.

Plaintiff alleges that in 2015 WIF Thailand created a trademark and published the book <u>Uddhamasa Samadhi,</u> which is part of the Works. In the same year WIF Thailand authorized the LVSF to use its Mark and Works. Plaintiff alleges that this authorization is still valid, even after LVS' death in 2020.

Plaintiff alleges that Defendant, Willpower USA, is a separate entity, unrelated to the LVSF. Plaintiff alleges that Willpower USA claims that a Canadian entity ("Willpower CAN") owns the Mark and Works, and that Willpower USA has exclusive rights to the same Mark and Works that have been licensed to the LVSF, and that this dispute between the parties relates to the ownership, use, and control of the Mark and the Works.

**B.    Procedural Background**

Plaintiff filed its Original Complaint against Willpower USA on July 31, 2023, asserting that "[t]his Court has federal question jurisdiction over the [LVSF]'s declaratory judgment claims under the copyright and trademark laws of the United States, 17 U.S.C. §§ 101, _et seq._, 28 U.S.C. § 1338, and the Declaratory Judgment Act, 28 U.S.C. § 2201."[4]  Plaintiff's Original Complaint alleges a single cause of action for declaratory judgment seeking injunctive relief.[5]  On October 2, 2023, Willpower USA filed its first Motion to Dismiss for Lack of Personal Jurisdiction (Docket Entry No. 10), and on October 30, 2023, Plaintiff filed the FAC, which is virtually the same as its Original Complaint except for the addition of a cause of action for tortious interference with LVSF's business relationships.[6]  Alleging that Willpower USA tortiously interfered with its business relationships by sending cease and desist letters wrongfully claiming that it does not have the right to use the Mark and the Works thereby causing it reputational harm, LVSF seeks declarations that its use of the Mark and the Works is lawful, and that Willpower USA does not own or have the exclusive authority to use the Mark or the Works.[7]  On November 7, 2023, the court denied Defendant's first motion to dismiss due to the filing of the FAC (Docket Entry No. 15).

---

[4]Plaintiff's Original Complaint, Docket Entry No. 1, p. 2 ¶ 7.

[5]_Id._ at 4 ¶¶ 14-16.

[6]FAC, Docket Entry No. 13.

[7]Plaintiff's Response, Docket Entry No. 21, p. 6 ¶ 1.

## II. <u>Defendant's Amended Motion to Dismiss</u>

Defendant moves to dismiss the claims asserted against it for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).[8]  Plaintiff responds by arguing that the claims asserted against Defendant should not be dismissed because it has made a prima facie showing that Defendant has minimum contacts with the State of Texas, and Defendant has failed to show that the court's exercise of personal jurisdiction over it will offend traditional notions of fair play and substantial justice.[9]  Alternatively, Plaintiff argues that the court should stay Defendant's motion while the parties engage in limited jurisdictional discovery, or that if the court finds that personal jurisdiction is absent, the court should transfer this case to the Central District of California, Western Division, where Willpower USA is subject to personal jurisdiction.[10]  Defendant replies that Plaintiff has failed to show that sending a single cease and desist letter to seven LVSF-related recipients establishes the minimum contacts with Texas required for the court to exercise personal jurisdiction over it,[11] and that it "has no objection to the Court transferring this case to the Central District of California, Western Division."[12]

---

[8]Defendant's Amended Motion to Dismiss, Docket Entry No. 20, p. 1.

[9]Plaintiff's Response, Docket Entry No. 21, pp. 6-7 ¶¶ 5-6.

[10]<u>Id.</u> at 19 ¶¶ 48-49.

[11]Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction ("Defendant's Reply"), Docket Entry No. 22, pp. 3 ¶ 8, 4-5 ¶ 13, 6-7 ¶ 20.

[12]<u>Id.</u> at 7 ¶ 20.

## A.   Standard of Review

When a foreign defendant moves to dismiss for lack of personal jurisdiction, "the plaintiff 'bears the burden of establishing the district court's jurisdiction over the defendant.'" Quick Technologies, Inc. v. Sage Group PLC, 313 F.3d 338, 343 (5th Cir. 2002), cert. denied, 124 S. Ct. 66 (2003) (citation omitted). "When the district court rules on a motion to dismiss for lack of personal jurisdiction 'without an evidentiary hearing, the plaintiff may bear his burden by presenting a prima facie case that personal jurisdiction is proper.'" Id. (citation omitted). "In making its determination, the district court may consider the contents of the record before the court at the time of the motion, including 'affidavits . . .'" Id. at 344 (citation omitted). The court must accept as true the uncontroverted allegations in the plaintiff's complaint and must resolve in favor of the plaintiff any factual conflicts. Guidry v. United States Tobacco Co., Inc., 188 F.3d 619, 625 (5th Cir. 1999). However, the court is not obligated to credit conclusory allegations, even if uncontroverted. Panda Brandywine Corp. v. Potomac Electric Power Co., 253 F.3d 865, 869 (5th Cir. 2001) (per curiam). "A district court's determination that personal jurisdiction can be exercised over a nonresident defendant is a question of law." Bullion v. Gillespie, 895 F.2d 213, 216 (5th Cir. 1990).

**B.    Plaintiff Fails to Allege Facts Capable of Satisfying the Due Process Requirements for the Exercise of Personal Jurisdiction**

1.    Applicable Law

"A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." McFadin v. Gerber, 587 F.3d 753, 759 (5th Cir. 2009), cert. denied, 131 S. Ct. 68 (2010). Since the Texas long-arm statute extends as far as constitutional due process allows, the court considers only the second step of the inquiry. Id.

Exercise of personal jurisdiction over a nonresident defendant comports with federal due process when the nonresident defendant has purposely availed himself of the benefits and protections of the forum state by establishing minimum contacts therewith, and the exercise of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" Id. (quoting International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, 66 S. Ct. 154, 158 (1945)).  Once a plaintiff satisfies these two requirements, a presumption arises that jurisdiction is reasonable, and the burden of proof and persuasion shifts to the defendant to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Burger King Corp. v. Rudzewicz, 105 S. Ct. 2174, 2185 (1985).

7

Although the Supreme Court has recognized two types of personal jurisdiction, general and specific, <u>Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco, County</u>, 137 S. Ct. 1773, 1779-80 (2017), Plaintiff argues only that the court possesses specific personal jurisdiction arising from the cease and desist letters that Willpower USA sent to LVSF "and many of its affiliates, including community members who serve as volunteers of the [LVSF]."[13]  The Fifth Circuit has

> articulated a three-step analysis for specific jurisdiction: "(1) whether the defendant has minimum contacts with the forum state, <u>i.e.</u>, whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable."

<u>McFadin,</u> 587 F.3d at 759 (quoting <u>Seiferth v. Helicopteros Atuneros, Inc.,</u> 472 F.3d 266, 271 (5th Cir. 2006)).  Moreover,

> [i]n this circuit, specific personal jurisdiction is a claim-specific inquiry: "A plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim."

<u>Id.</u> (quoting <u>Seiferth,</u> 472 F.3d at 274).

---

[13]Plaintiff's Response, Docket Entry No. 21, p. 7 ¶ 9.  <u>See also id.</u> at 13-16 ¶¶ 29-40 (arguing that Willpower USA has minimum contacts with Texas).

2.    <u>Application of the Law to the Plaintiff's Allegations</u>

Plaintiff alleges that Willpower USA is a California corporation,[14] and that

> [t]he Court has personal jurisdiction over Willpower USA
> because Willpower USA directed cease and desist letters
> to several branches of the [LVSF] in Texas as well as
> volunteers who work for the [LVSF] in Texas. Willpower
> USA's cease and desist letters interfered with the
> [LVSF]'s work in Texas and has caused disruption to the
> [LVSF]'s use of the Mark and the Works in Texas.
> Willpower USA has also engaged at least one Texas
> volunteer to teach its courses.[15]

Citing the Declaration of its Chief Executive Officer, Kunyarin Visarutanun ("Visarutanun"), Willpower USA argues that "[t]he sending of seven (7) cease-and-desist letters directed solely to infringer(s) all related to or part of the same entity does not rise to the level of contact with Texas to support personal jurisdiction."[16] In pertinent part Visarutanun states that

> [t]o protect Willpower USA's intellectual property
> rights, in late June 2023 I authorized my attorneys to
> send cease-and-desist letters to those persons and
> entities using Willpower USA's intellectual property
> without authorization or license. On July 7, 2023, my
> attorneys sent the letters to seven (7) entities and
> individuals in and around Houston, Texas, that were
> infringing on Willpower USA's intellectual property.[17]

---

[14]FAC, Docket Entry No. 13, p. 2 ¶ 7.

[15]<u>Id.</u> at 3 ¶ 9.

[16]Defendant's Amended Motion to Dismiss, Docket Entry No. 20, p. 3 ¶ 10.

[17]Declaration of Kunyarin Visarutanun in Support of Defendant's Willpower Institute U.S.A., Inc., Amended Motion to Dismiss for Lack of Personal Jurisdiction ("Visarutanun Declaration"), Docket (continued...)

Citing <u>inter alia Ham v. La Cienega Music Co.,</u> 4 F.3d 413 (5th Cir. 1993), and <u>Stroman Realty, Inc. v Antt,</u> 528 F.3d 382, 386 (5th Cir.), <u>cert. denied,</u> 129 S. Ct. 459 (2008),[18] Willpower USA argues that "Plaintiff has failed to show that the act of sending a single cease-and-desist letter establishes the 'minimum contacts' with Texas required for personal jurisdiction against the Defendant."[19] Willpower USA argues that it

> is not subject to personal jurisdiction by this Court. . . . [Willpower USA] sent seven (7) cease-and-desist letters to one entity and its related branches residing in Texas. The mere sending of . . . cease-and-desist letters does not support personal jurisdiction. Defendant's motion for dismissal of Plaintiff's case under Rule 12(b)(2) of the Federal Rules of Civil Procedure must be granted.[20]

In <u>Ham</u> a Texas plaintiff brought a declaratory judgement action against a foreign copyright holder seeking declaration that it was not infringing the defendant's copyrights. The defendant moved to dismiss for lack of personal jurisdiction. In support of jurisdiction, the plaintiff pointed to the mailing of a cease and desist letter to Texas. 4 F.3d at 415. The Fifth Circuit affirmed the district court's dismissal for lack of personal jurisdiction

---

[17](...continued)
Entry No. 20-1, pp. 3-4 ¶ 13.

[18]Defendant's Amended Motion to Dismiss, Docket Entry No. 20, pp. 5-6 ¶¶ 17-18.

[19]<u>Id.</u> at 8 ¶ 22.

[20]<u>Id.</u> at 9. <u>See also</u> Defendant's Reply, Docket Entry No. 22, p. 7.

over the foreign defendant, stating in pertinent part that the cease and desist letter, "although it forms the basis for Ham's allegations about the existence of a live controversy, in no way relates to the merits of the copyright question and thus does not support personal jurisdiction in Texas." Id. at 416.  In support of its holding, the Fifth Circuit cited Holt Oil & Gas Corp. v. Harvey, 801 F.2d 773, 778 (5th Cir. 1986), cert. denied, 107 S. Ct. 1892 (1987), for its holding that communication by a defendant with a plaintiff in a forum state in the course of contract negotiations was motived by the fortuity of the plaintiff's location and was insufficient to constitute purposeful availment of the benefits and protections of Texas law needed to support exercise of specific jurisdiction over the foreign defendant in Texas.  Id. n. 14.  In Stroman Realty v. Antt, 528 F.3d at 386, the Fifth Circuit reiterated its holding in an earlier case, Stroman Realty, Inc. v. Wercinski, 513 F.3d 476, 483-84 (5th Cir.), cert. denied, 129 S. Ct. 63 (2008), that sending a cease and desist letter to Texas and contacting the plaintiff's attorney in Texas were not sufficient to establish minimum contacts necessary to exercise personal jurisdiction over the foreign defendant.

Asserting that "[m]inimum contacts exist where a nonresident defendant expressly aims intentionally tortious activity into the forum state,"[21] and citing Calder v. Jones, 104 S. Ct. 1482, 1486-87 (1984), and Fintech Fund, FLP v. Horne, 327 F. Supp. 3d 1007, 1019

---

[21]Plaintiff's Response, Docket Entry No. 21, p. 13 ¶ 32.

(S.D. Tex. 2018), <u>aff'd</u> 836 F. App'x 215 (5th Cir. 2020),[22]

Plaintiff argues that

> Willpower USA has minimum contacts with the state of
> Texas because it sent cease-and-desist letters to the
> [LVSF] and its affiliates <u>in Texas</u> attempting to restrict
> their lawful rights <u>in Texas.</u>  Willpower USA has also
> committed a tort that has caused injury within Texas,
> further demonstrating minimum contacts with Texas.  <u>See</u>
> Exhibit A.  Seven of the nine infringement letters were
> purposely addressed to Texas residents. <u>Id.</u>  Willpower
> USA argues that merely sending these letters cannot
> establish the required minimum contacts.  Doc. 20 at
> ¶ 10.  However, like the communication in <u>Fintech,</u> it is
> not the mere fact that Willpower USA sent the letters
> but, rather, it is the content of the letters themselves
> that is significant here.   The letters purport to
> restrict the lawful rights of Texas residents and have
> interfered with the business relationships of the [LVSF]
> in Texas.[23]

Citing <u>Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.,</u> 148

F.3d 1355, 1360 (Fed. Cir. 1998), for its recognition that "cease-

and-desist letters alone are often substantially related to the

cause of action (thus providing minimum contacts). . . .,"[24] Plaintiff

argues that

> [b]ecause Willpower USA purposely sent cease-and-desist
> letters (the infringement letters) to Texas residents,
> and because the [LVSF]'s declaratory judgment and
> tortious interference claims arise out of the sending of
> these letters, the [LVSF] has established that Willpower
> USA has minimum contacts with Texas.[25]

---

[22]<u>Id.</u> at 13-14 ¶¶ 32-33.

[23]<u>Id.</u> at 14 ¶ 34.

[24]<u>Id.</u> at 15 ¶ 36.

[25]<u>Id.</u>

>           (a)   Plaintiff Fails to Establish Personal Jurisdiction
>                 for Its Declaratory Judgment Cause of Action

Plaintiff

> seeks a declaratory judgment under the Declaratory
> Judgment Act, 28 U.S.C. § 2201 that Willpower USA is not
> the owner or the exclusive licensee of the Mark or the
> Works, and therefore, has no standing to enforce the
> intellectual property at issue.   Further, the [LVSF]
> seeks a declaratory judgment that the [LVSF]'s use of the
> Works in the USA is not unlawful because it was expressly
> authorized by LVS and WIF Thailand.[26]

Plaintiff alleges that "[a] justiciable controversy exists because
Willpower USA has taken the position it owns the Mark and the Works
and that the Foundation's use of the Works and the Mark infringes
on those rights."[27]

Plaintiff's claim for declaratory judgment that its use of the
Mark and the Works in the United States is not unlawful, and that
Willpower USA does not own or have the exclusive authority to use
the Mark or the Works in the United States, is analogous to the
claim seeking declaratory judgment of non-infringement asserted in
Ham following the plaintiff's receipt of a cease and desist letter.
And Plaintiff's contention that personal jurisdiction exists
because Willpower USA engaged at least one Texas volunteer to teach
its courses, and because Willpower USA sent cease and desist
letters to its Texas affiliates are analogous to the Ham
plaintiff's contentions that personal jurisdiction existed because
the Ham defendant distributed music in Texas, and sent a demand

---

[26]FAC, Docket Entry No. 13, p. 6 ¶ 22.

[27]Id. ¶ 23.

letter to the plaintiff in Texas.   In <u>Ham</u> the Fifth Circuit held that neither the defendant's distribution of music in Texas nor the defendant's mailing of a demand letter to Texas were sufficient to establish the minimum contacts necessary for the court to exercise personal jurisdiction over the defendant.   4 F.3d at 415.   The Fifth Circuit explained that the defendant's distribution of music in Texas was insufficient to establish minimum contacts because the plaintiff alleged no injury flowing from that distribution, and that the mailing of a demand letter was insufficient because it in no way related to the merits of the plaintiff's request for a declaration of non-infringement of the defendant's copyright.   <u>Id.</u> at 416.   As in <u>Ham,</u> Plaintiff alleges no injury flowing from Willpower USA's engagement of a volunteer in Texas to teach its courses, and the cease and desist letter that Willpower USA sent to Plaintiff's Texas affiliates in no way relates to the merits of the copyright questions raised by Plaintiff's claim for declaratory judgment.   <u>Id.</u> Accordingly, the court concludes that Plaintiff has failed to establish personal jurisdiction over Willpower USA because Plaintiff has failed to show that Willpower USA established minimum contacts with Texas by purposely directing its activities toward Texas or by purposely availing itself of the privileges and benefits of conducting activities there, and because Plaintiff has failed to show that its declaratory judgment cause of action arises out of or results from Willpower USA's forum-related contacts.

In <u>Halliburton Energy Services, Inc. v. Ironshore Specialty Insurance Co.</u>, 921 F.3d 522, 542 (5th Cir. 2019), the Fifth Circuit reached a similar conclusion, holding that a defendant in a declaratory judgment action did not establish minimum contacts by sending the plaintiff a cease and desist letter threatening litigation and by communicating with the plaintiff's attorney. Concluding that the defendant's cease and desist letters "fail to confer personal jurisdiction," the Fifth Circuit explained that

> [m]any other circuits have addressed similar scenarios in which a potential plaintiff sends a cease-and-desist letter threatening litigation to a potential defendant. None of these courts held that sending a letter amounts to purposeful availment. In-circuit district courts have reached the same conclusion. [Defendant]'s letters, even if they threatened litigation, are not enough to show minimum contacts with Texas.

<u>Id.</u> at 542 & n. 19 (citing <u>inter alia DNH, LLC v. In-N-Out Burgers</u>, 381 F. Supp. 2d 559, 564 (E.D. La. 2005) (noting that courts have repeatedly held that cease and desist letters are insufficient to confer specific personal jurisdiction in patent and copyright cases because principles of fair play and substantial justice afford a party latitude to inform others of its rights without subjecting itself to suit in a foreign forum)(citing cases); <u>Thousand Trails, Inc. v. Foxwood Hill Property Owners Association</u>, C.A. No. 3:98-CV-2843-D, 1999 WL 172322, at *3 (N.D. Tex. March 22, 1999) ("[T]he vast majority of the courts have held that the nonresident defendant's action in sending a demand letter to the plaintiff is insufficient to create personal jurisdiction.")).

15

The Red Wing case on which Plaintiff relies does not support
a different result.  In Red Wing the plaintiff brought an action
against the defendant seeking declaratory judgment of
noninfringement, invalidity, and unenforceability of a United
States patent. 148 F.3d at 1357.  The Federal Circuit affirmed the
district court's dismissal for lack of personal jurisdiction
because the plaintiff had not shown that the defendant had
sufficient contacts with the forum state.  Id.  The plaintiff
argued that the defendant had sufficient minimum contacts with the
forum state to satisfy Due Process and thus to permit the state's
long-arm statute to effect personal jurisdiction because the
defendant sent three cease and desist letters to the plaintiff in
the forum state suggesting that the plaintiff's products infringed
the defendant's patents.  Id. at 1359.  The plaintiff argued that
absent the assertion of infringement in the three letters, it would
not have had any cause to seek declaratory judgment.  Thus, the
plaintiff argued that its cause of action for declaratory judgment
arose out of the defendant's three cease and desist letters.  Id.
Acknowledging that "even a single contact with a forum state may
suffice for personal jurisdiction if it is directly and
substantially related to the plaintiff's claim," id., the Federal
Circuit observed that

> [o]ften, the central purpose of a declaratory judgment
> plaintiff like Red Wing is to clear the air of
> infringement charges. . . The injury of which a
> declaratory judgment plaintiff complains, then, is a

> wrongful restraint on the free exploitation of non-
> infringing goods.  One of those restraints may be the
> threat of an infringement suit, as communicated in a
> cease-and-desist letter.  Thus, Red Wing's argument that
> its claim arises out of [the defendant]'s contacts with
> [the forum state] has at least some merit.

Id. at 1360.  Nevertheless, the Federal Circuit concluded that

"[e]ven so, . . . without more, such letters are not sufficient to

satisfy the requirements of Due Process in declaratory judgment

actions."  Id. (citing Genetic Implant System, Inc. v. Core-Vent

Corp., 123 F.3d 1455, 1458 (Fed. Cir. 1997)).  Recognizing that

while some courts had reached this conclusion by holding that

infringement claims do not arise out of cease and desist letters

because such letters bear only a tangential relationship to

declaratory judgment claims, the Federal Circuit said that

> [a] better explanation for this court's statement that
> cease-and-desist letters alone do not suffice to create
> personal jurisdiction lies in the second prong of the
> traditional Due Process inquiry.  This prong examines
> whether the maintenance of personal jurisdiction would
> "comport with 'fair play and substantial justice.'"
> Burger King, [105 S. Ct. at 2184 (quoting International
> Shoe, 66 S. Ct. at 160)].  Thus, even though cease-and-
> desist letters alone are often substantially related to
> the cause of action (thus providing minimum contacts),
> the "minimum requirements inherent in the concept of
> 'fair play and substantial justice' . . . defeat the
> reasonableness of jurisdiction." . . Principles of fair
> play and substantial justice afford a patentee sufficient
> latitude to inform others of its patent rights without
> subjecting itself to jurisdiction in a foreign forum.  A
> patentee should not subject itself to personal
> jurisdiction in a forum solely by informing a party who
> happens to be located there of suspected infringement.
> Grounding personal jurisdiction on such contacts alone
> would not comport with principles of fairness.

Id. at 1360-61.

> (b)   Plaintiff Fails to Establish Personal Jurisdiction
> for Its Tortious Interference Cause of Action

Plaintiff alleges that

> LVS and WIF Thailand granted the [LVSF] a license to use
> the Mark and the Works in the United States, including in
> Texas.  Willpower USA intentionally interfered with this
> license by sending the cease and desist letters.
> Willpower USA had no justification for making the claims
> it made or sending the cease and desist letters because
> the [LVSF] was lawfully using the Mark and the Works
> under license from LVS and WIF Thailand.
>
> The [LVSF] has suffered reputational harm and other
> damages as a proximate result of Willpower USA's wrongful
> conduct.  Willpower USA acted with malice and gross
> negligence in its conduct which entitled the [LVSF] to
> exemplary damages.[28]

Citing Calder, 104 S. Ct at 1487, for holding that minimum

contacts exist where a nonresident defendant expressly aims

intentionally tortious activity into the forum state,[29] Plaintiff

argues that by sending cease and desist letters to LVSF and its

affiliates in Texas that attempted to restrict their lawful rights

in Texas, Willpower USA not only committed a tort that caused

injury within Texas but also established minimum contacts with

Texas.[30]  Plaintiff argues that the facts of this case are analogous

to those in Athletic Training Innovations, LLC v. L.A. Gear, Inc.,

C.A. No. 10-1524, 2010 WL 4103309, at * 4 (E.D. La. 2010), where

the court held that "when a non-resident defendant sent letters to

---

[28]FAC, Docket Entry No. 13, p. 7 ¶¶ 25-26.

[29]Plaintiff's Response, Docket Entry No. 21, p. 13 ¶ 32.

[30]Id. at 14 ¶ 34.

not only plaintiff but to its customers as well, it was abusive because it resulted in demonstrated interference with business relationships."[31]

Plaintiff argues that personal jurisdiction exists for its tortious interference cause of action because the number of letters that Willpower USA sent to Texas residents — seven — was abusive, because the letters misrepresent the ownership rights of the Works and the Mark, thereby fraudulently alleging that the LVSF was engaging in unlawful practices, and because the letters were sent to LVSF customers and to lower level volunteers who are active members of the Buddhist community, thereby interfering not only with LVSF's lawful rights but also with the rights of other Texas residents.[32]

Plaintiff argues that the number of letters — seven — sent to Texas residents was abusive, but the FAC does not allege that seven different cease and desist letters were sent to Texas residents, but instead, that the same letter was sent to seven recipients in Texas.[33]  Plaintiff argues that Willpower USA sent cease and desist letters to LVSF customers, but the FAC alleges no such facts. Instead, the FAC alleges that "Willpower USA directed cease and

---

[31]Id. at 15-16 ¶ 38.

[32]Id. at 16 ¶¶ 39-40.

[33]FAC, Docket Entry No. 13, p. 5 ¶ 16 (citing Demand to Cease and Desist, Exhibit C to FAC, Docket Entry No. 13-3).

desist letters to several branches of the [LVSF] in Texas as well as to volunteers who work for the [LVSF] in Texas,"[34] and that "Willpower USA, through its counsel, sent nine cease and desist letters to the [LVSF], its volunteer instructors, and to many of the temples where LVS's courses are taught."[35]  The only cease and desist letter attached as Exhibit C to the FAC shows that the seven letters sent to Texas were addressed to three named directors of the LVSF, and to unnamed managers at three meditation centers and one wat, i.e., temple.[36]  The FAC does not support Plaintiff's argument that cease and desist letters were sent to LVSF customers or low level volunteers.  Moreover, the FAC contains no factual allegations capable of establishing that the cease and desist letters sent to LVSF directors and managers tortiously interfered with any of LVSF's business relationships.

A cause of action for tortious interference asserted under Texas law requires either interference with an existing contract or conduct that is independently unlawful and obstructs a prospective business relationship.  See Community Health Systems Professional Services Corp. v. Hansen, 525 S.W.3d 671, 689 (Tex. 2017); Coinmach Corp. v. Aspenwood Apartment Corp., 417 S.W.3d 909, 923 (Tex.

---

[34]Id. at 3 ¶ 9.

[35]Id. at 5 ¶ 16.

[36]Demand to Cease and Desist, Exhibit C to FAC, Docket Entry No. 13-3, pp. 2-3.

2013).   Plaintiff argues that the letters misrepresent the ownership rights of the Works and the Mark, thereby fraudulently alleging that the LVSF was engaging in unlawful practices, but fails to allege facts capable of establishing that Willpower USA targeted Texas — as opposed to LVSF — with its allegedly false statements.   Because Plaintiff fails to allege facts capable of showing that Willpower USA engaged in conduct related to its tortious interference cause of action through which it purposely availed itself of the privileges and benefits of conducting activities in Texas, the court concludes that Plaintiff has failed to establish personal jurisdiction over Willpower USA for its tortious interference cause of action.

**C.   Plaintiff's Request for Jurisdictional Discovery Will Be Denied**

"If the Court is inclined to grant the Motion to Dismiss, [Plaintiff] requests this Court instead [to] stay the Motion, and allow [it] to conduct limited jurisdictional discovery."[37]   In support of this request Plaintiff asserts that the parties have not conducted any discovery,[38] and that it

> can list a handful of non-exhaustive examples justifying the need for jurisdictional discovery. First, Willpower USA provided a sworn affidavit made by its CEO, Kunyarin Visarutanun, in support of its Motion to Dismiss. (Doc. 20-1).   In the affidavit, Willpower USA's CEO

---

[37]Plaintiff's Response, Docket Entry No. 21, p. 18 ¶ 45.

[38]Id. ¶ 46.

admits that for approximately seventeen (17) months, a
representative of Willpower USA taught meditation classes
from Dallas, Texas.  Id. at ¶ 10.  Upon information and
belief, these are the same classes that are at issue in
this lawsuit.  Second, Willpower USA does not state how
many of its students were taking classes from Texas.
Third, Willpower USA alleges it has no connection to
Texas by making various statements relating to its
alleged lack of contacts with Texas.  Id. However, the
[LVSF] is unable to verify these statements without being
able to conduct discovery on the matter.  For these
reasons, the [LVSF] requires discovery to obtain more
information as to the extent and nature of Willpower
USA's teaching presence in Texas.[39]

A court may grant jurisdictional discovery when the plaintiff
has established a "preliminary showing of jurisdiction" over the
defendant.  See Fielding v. Hubert Burda Media, Inc., 415 F.3d 419,
429 (5th Cir. 2005) (recognizing a right to conduct jurisdictional
discovery when "a plaintiff presents factual allegations that
suggest with reasonable particularity the possible existence of the
requisite contacts" (citation omitted)).  Here, Plaintiff has not
made a preliminary showing of jurisdiction.  Instead, Plaintiff
states that the parties have not conducted any discovery, and that
although Defendant has submitted the sworn declaration of its CEO
making various statements relating to LVSF's lack of contacts with
Texas,[40] the CEO has also stated that "[d]uring the Covid-19
pandemic, an unpaid volunteer of Willpower USA periodically taught
online classes remotely from approximately September 2020 until

---

[39]Id. at 18-19 ¶ 47.

[40]See Visarutanun Declaration, Docket Entry No. 20-1, p. 3
¶¶ 9-12.

January 2022[, . . . and] that this volunteer's home was in Dallas, Texas, during at least a portion of this time period."[41]   Plaintiff argues that it has not been able to verify Defendant's alleged lack of contacts with the State of Texas.[42]   Plaintiff's arguments in support of jurisdictional discovery do not show that such discovery would add any significant facts to its jurisdictional claims.   <u>See</u> <u>Kelly v. Syria Shell Petroleum Development B.V.</u>, 213 F.3d 841, 857-58 (5th Cir.), <u>cert. denied sub nom. Kelly v. Al Furat</u> <u>Petroleum Co.</u>, 121 S. Ct. 426 (2000) (district court did not abuse its discretion by denying jurisdictional discovery given that plaintiffs offered no basis to show that proposed depositions of corporate representatives would contradict those representatives' sworn declarations).   "When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted."   <u>Wyatt v. Kaplan,</u> 686 F.2d 276, 284 (5th Cir. 1982). Thus, Plaintiff's request for jurisdictional discovery will denied.


D.   **In the Interest of Justice this Action Will be Transferred to the Central District of California, Western Division**

Alternatively, Plaintiff states that if the court if the court denies its request for jurisdictional discovery,

> then the [LVSF] seeks transfer of this lawsuit to a venue
> where personal jurisdiction is proper.   Willpower USA
> contends in its CEO's Declaration to its Motion that

---

[41]<u>Id.</u> ¶ 10.

[42]Plaintiff's Response, Docket Entry No. 21, p. 19 ¶ 47.

> Willpower USA's principal place of business is in Los
> Angeles, California. (Doc. 20-1). Meaning, Willpower
> USA is a citizen of California, and Los Angeles is an
> additional proper venue for this proceeding. Thus the
> [LVSF] seeks transfer to the Central District of
> California, Western Division, under 28 U.S.C. §§ 1631,
> 1404(a) and 1406(a).[43]

Under 28 U.S.C. § 1631, a "court shall, if it is in the interest of

justice, transfer such action . . . to any other such court . . .

in which the action . . . could have been brought at the time it

was filed." Once transferred, the action shall proceed as if it

was filed in the transferred court at the time it was originally

filed in the original court. Id. See also Franco v. Mabe Trucking

Company, Inc., 3 F.4th 788, 791 (5th Cir. 2021).

Willpower USA replies that it "has no objection to the Court

transferring this case to the Central District of California,

Western Division."[44] Accordingly, pursuant to 28 U.S.C. § 1631 and

in the interest of justice, this action will be transferred to the

Central District of California, Western Division, where Willpower

USA is subject to personal jurisdiction.


### III. Conclusions and Order

For the reasons stated above, in § II.B, the court concludes

that Plaintiff has failed to establish that Defendant is subject to

personal jurisdiction in Texas.

---

[43]Id. at 20-21 ¶ 49.

[44]Defendant's Reply, Docket Entry No. 22, p. 7 ¶ 20.

For the reasons stated above, in § II.C, Plaintiff's request for jurisdictional discovery is **DENIED**.

For the reasons stated above, in § II.D, the court concludes that pursuant to 28 U.S.C. § 1631 and in the interests of justice, this action should be transferred to the Central District of California, Western Division.  Accordingly, Defendant's Amended Motion to Dismiss for Lack of Personal Jurisdiction, Docket Entry No. 20, is **DENIED**, and this action is **TRANSFERRED** to the Central District of California, Western Division.

**SIGNED** at Houston, Texas, this 31st day of January, 2024.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE